STATE BOARD OF PAROLE COMMISSIONERS, APPEL-
LANT, *v.* WADE M. TURNER, RESPONDENT.

No. 6211

July 7, 1970                                    471 P.2d 252

---

*Harvey Dickerson,* Attorney General, and *Robert A. Groves,* Deputy Attorney General, of Carson City, for Appellant.

*Jack Christensen,* of Yerington, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from the order of the District Court granting respondent Wade M. Turner's petition for a writ of certiorari and ordering appellant State Board of Parole Commissioners to permit Turner to apply for parole.

Turner is serving time in the Nevada State Prison as a result of a guilty plea to a charge of attempted larceny, a felony. He has three prior felony convictions: attempted bank robbery and two counts of armed robbery. He is desirous of applying for parole, and the appellant Board has refused to entertain his application, on the ground that he is barred from applying under the mandate of NRS 213.110, subsection 1, which provides in part that ". . . any prisoner who is now . . . imprisoned in the state prison . . . and who has not *previously* been more than three times convicted of a felony . . . may be allowed to go upon parole. . . ." (Emphasis added.)[1]

---

[1] NRS 213.110(1):

"Subject to the provisions of NRS 213.120, the board shall have power to establish rules and regulations under which any prisoner who is now or hereafter may be imprisoned in the state prison and who has not previously been more than three times convicted of a felony and served a term in a penal institution may be allowed to go upon parole outside of the buildings or inclosures, but to remain, while on parole, in the legal custody and under the control of the board and subject at any time to be taken within the inclosure of the state prison."

It is the Board's position that Turner has been convicted of four felonies and therefore may not apply for parole. Turner maintains that the adverb "previously" refers to felony convictions prior to his present conviction. The district judge so held, and so do we.

We need look only to the predecessor of NRS 213.110, which was chapter 125, section 1, Statutes of Nevada 1929, at page 158, to resolve the question. That statute provided, in pertinent part: ". . . [A]ny prisoner . . . who has not previously been convicted of a felony . . . may be allowed to go upon parole. . . ." Under the Board's interpretation of "previously," no prisoner who was an inmate of the state prison when the 1929 statute was effective would have been eligible for parole, for they all had been convicted of a felony—otherwise they would not have been in the penitentiary. NRS 193.130, 193.140. We hold that "previously" means prior to the present conviction and that in considering the number of felonies for parole eligibility, the offense for which the prisoner is then serving time may not be considered.

The order of the district court is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.